BUCHALTER NEMER
A Professional Corporation
BERNARD E. LESAGE (SBN: 61870)
RACHAEL H. BERMAN (SBN: 174718)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: blesage@buchalter.com

Attorneys for Defendant
Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Town & Country Credit Corp., and Buchalter Nemer

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES BRAY,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIQUEST MORTGAGE CORP.; AMC MORTGAGE SERVICES, INC.; TOWN & COUNTRY CREDIT CORP.; CR TITLE SERVICES, INC.; BUCHALTERNEMER, A PROFESSIONAL LAW CORPORATION; JOHN DOES 1 -20.<br><br>Defendants. | Case No. 08 CV 0137 BTM JMA<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED [F.R.C.P. 12 (b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Per Chambers no oral argument unless requested by the Court]**<br><br>**[Request for Judicial Notice in Support Thereof filed concurrently herewith]**<br><br>Date: June 20, 2008<br>Time: 11:00 a.m.<br>Judge: Hon. Barry Ted Moskowitz<br>Ctrm: 15 |

**TO PLAINTIFF JAMES BRAY, IN PRO PER:**

**NOTICE IS HEREBY GIVEN** that on June 20, 2008, or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Barry T. Moskowitz, Judge of the above-entitled Court, located at 880 Front Street, San Diego, California 92101, defendants Ameriquest Mortgage Company (erroneously sued as Ameriquest Mortgage Corp.), AMC Mortgage Services, Inc., Town & Country Credit Corp., and Buchalter Nemer, A Professional Law Corporation

(erroneously sued as BUCHALTERNEMER, A Professional Law Corp.)[1], will and hereby do move this Court for an order dismissing this action as to each of them, in its entirety, with prejudice. This Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), on the grounds that: (1) Plaintiff has failed to allege a single claim upon which relief may be granted against any of the Defendants; and (2) Plaintiff has failed to comply with FRCP 8.

This Motion is based upon this Notice, the Memorandum of Points and Authorities and Request for Judicial Notice filed concurrently herewith, all pleadings and papers on file herein and such other evidence and argument as may be presented prior to or at the hearing on this Motion.

DATED: April 23, 2008

BUCHALTER NEMER
A Professional Corporation

By: [signature]
BERNARD E. LESAGE
RACHAEL H. BERMAN
Attorneys for Defendants
Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Town & Country Credit Corp., and Buchalter Nemer, A Professional Corporation

---

[1] Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Town & Country Credit Corp., and Buchalter Nemer are sometimes hereinafter collectively referred to as "Defendants."

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff James Bray's Complaint ("Complaint"), labeled a "Complaint to Action of Quiet Title Lis Pendin," consists of approximately 18 pages of virtually unintelligible allegations. It contains mostly unidentifiable claims for relief (including those for "Domestic Mixed War," "Treason," and unspecified violations of the "United Nations Convention"). It fails to properly identify which defendants Plaintiff is suing, and on what grounds he is suing each of them.[2] Further, the Complaint seeks inappropriate relief from Defendants, including vague criminal penalties, damages of $20 million, an unsubstantiated demand for a full reconveyance of Plaintiff's loan that is in foreclosure, and enforcement of an unidentified settlement agreement.

None of Plaintiff's allegations provides even the semblance of a claim upon which relief may be granted against Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Town & Country Credit Corp. or Buchalter Nemer (sometime, herein after collectively referred to as "Defendants"). The only remotely identifiable claims in this rambling and incoherent pleading are allegations of a violation of Regulation Z of the Truth-in-Lending Act, allegations to quiet title to the subject property, and fraud. However, on the face of the Complaint, any Truth-in-Lending Act claims are barred by the applicable statute of limitations. Further, any quiet title claims are barred because Plaintiff has no right to quiet title when he himself transferred away his interest in the Property. [See Request for Judicial Notice "RJN" Exh. 4]. Finally, the fraud allegations are unintelligible and lack the requisite specificity to state a claim.

The only thing Plaintiff seeks to gain by the filing of this improper pleading is a delay of the pending foreclosure of the property. To that end, Plaintiff has taken a "two-fold" tact. In addition to filing this lawsuit, he transferred his interest in the property to other individuals, one of whom recently filed bankruptcy. [See RJN Exh. 5]. Accordingly, this Complaint must be

---

[2] Indeed, Plaintiff sets forth certain defendants in the Caption of the Complaint, yet fails to identify them as defendants in the body of the Complaint (or set forth any wrongdoing on their part). Further, Plaintiff mentions other persons or entities in the body of the Complaint without specifically identifying them as defendants. Given this confusion, Defendants assume that those identified in the Caption are the only named defendants in the action.

dismissed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the instant Complaint on January 23, 2008. Plaintiff alleges that the Complaint "involves real property IN WHICH James Bray HAS 100% INTEREST; located at 8080 EPPICK Court, San Diego, CA 92114 (the "Subject Property")." [Emphasis in original; Complaint, p. 1].

In the Complaint, Plaintiff alleges that he obtained his loan on the Subject Property from defendant Town & Country Credit Corp. in June 2004, and that he also made some type of vague and unidentified agreement with Ameriquest Mortgage Company at that time. [Complaint, p. 4.]. In actuality, on or about August 21, 2004, Plaintiff executed a Deed of Trust recorded against the Subject Property in favor of Town & Country Credit Corp. to secure a loan in the sum of $412,213. [RJN Exh. 1].

On or about July 31, 2006, Plaintiff filed a Chapter 13 Bankruptcy Petition, Case Number 06-2020-JH-13, in the United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Court"). [RJN Exh. 2].

Plaintiff defaulted on the adequate protection payments he agreed to make to Town & Country Credit Corp., and on November 5, 2007, the Bankruptcy Court issued an Order on Default of Stipulation Re Adequate Protection (the "Default Order."). [RJN Exh. 3]. The Default Order granted Town & Country Credit Corp. relief from the automatic stay to proceed with foreclosure on the Subject Property. [RJN Exh. 3].

Plaintiff no longer has any interest in the Subject Property. In an attempt to avoid foreclosure of the Subject Property, Plaintiff grant deeded the Subject Property to Robert Woodruff, Greg Walden, Debby Walden, John Kerry, Juan Lopez and Valerie Lopez, which grant deed was recorded on January 25, 2008 as Document Number 2008-0036255 in the Office of the County Recorder of San Diego County. [See RJN, Exh. 4].

On January 14, 2008, Robert Woodruff filed a Chapter 13 Bankruptcy Petition in the Central District of California, Case Number 2:08-bk-10518-VK, in another attempt to delay and/or avoid foreclosure on the Subject Property. [See RJN, Exh. 5].

## III. LEGAL STANDARD

A party may test the legal sufficiency of facts alleged in a pleading by a Federal Rule of Civil Procedure, Rule 12(b) motion where defects appear on the face of the pleading. FRCP, Rule 12. Material facts alleged in the complaint are treated as true for the purpose of ruling on the Rule 12(b)(6) motion. However conclusory allegations, legal characterizations, unreasonable inferences or deductions of fact are not considered in judging the sufficiency of the pleadings. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Transphase Systems, Inc. v. Southern California Edison Co.*, 839 F.Supp. 711, 718 (C.D. Cal. 1993). If, taking the alleged facts as true, the pleading does not set forth facts sufficient to state a cause of action, the court must grant a motion to dismiss. *Balistreri v. Pacifica Plice Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (Rule 12(b)(6) dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory).

Furthermore, a Rule 12(b)(6) motion to dismiss for failure to state a claim can be used when plaintiff has included allegations in the complaint that, on their face, disclose some absolute defense or bar to recovery. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 fn. 1 (9th Cir. 1997).

Applying these standards, the Court should sustain Defendants' motion to dismiss without leave to amend.

## IV. ARGUMENT

### A. Plaintiff's Complaint Is Hopelessly Vague and Incoherent, and Fails to State Any Claim

Federal Rule of Civil Procedure 8 requires a plaintiff to set forth "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.Proc. 8(a)(2). Similarly, each claim must be "simple, concise, and direct." Fed.R.Civ.Proc. 8(e)(2). These rules are designed to ensure that a complaint gives fair notice to defendants and states the elements of the claim plainly and succinctly. *Jones v. Community Redevelopment Agency of the City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984).

When a complaint is written by a *pro se* litigant, these rules are relaxed and the complaint is held to a less stringent standard. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). The policy requiring courts to liberally construe pro se complaints, however, "does not mandate that a court system sustain every pro se complaint even if it is hopelessly incoherent, rambling and unreadable." *Barsella v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. 1991).

Here, Plaintiff's Complaint is incoherent, rambling and unreadable, and fails to comply with Rule 8. It is entirely unclear from the Complaint who are the named defendants, and what they allegedly did wrong. Plaintiff completely fails to distinguish among defendants and/or show any particular claims against any one. In fact, Plaintiff's Complaint identifies different entities as defendants in the caption and in the body of the Complaint.

As regards purported defendants Ameriquest Mortgage Company (erroneously sued as Ameriquest Mortgage Corp.), AMC Mortgage Services, Inc., and Town & Country Credit Corp., Plaintiff fails to allege what, if anything, these defendants did in violation of any statute or common law. Plaintiff admits that he obtained the loan on the Subject Property from Defendant Town & Country Credit Corp. [Complaint p. 4]. He fails to state how Ameriquest Mortgage Company and/or AMC Mortgage Services, Inc. are involved in this matter at all.

As regards purported defendant Buchalter Nemer, A Professional Law Corporation (erroneously sued as BUCHALTERNEMER), Plaintiff does not allege any wrongdoing whatsoever on the law firm's part, let alone that it violated any laws. Indeed, the only places the law firm is even mentioned in the body of the Complaint are on page 2, where Plaintiff nonsensically states that ". . . AMC in bad faith forced the home out of the agreed upon terms by a BuchalterNemer . . . ," on page 3 where the law firm's address is listed, and on page 13 where, without any factual basis, Plaintiff asks whether "AMC Mortgage Services, Inc., Town & Country Credit Corp., BUCHALTERNEMER A Professional Law Corp. & Assigns, David M. Lin, Jason E. Goldstein . . . deserve to have their license to do business revoked . . . ?"[3]

---

[3] Although it is unclear, Defendants assume that Plaintiff is not attempting to sue "Mr. Lin" and/or "Mr. Goldstein" personally, as they are not properly named in the Complaint, and they have not been served with the Complaint.

Plaintiff's allegations are completely unintelligible. Even reading the Complaint generously toward this pro se Plaintiff, the allegations are at best conclusory. The body of the Complaint is confusing, and in many areas, meaningless. There is no connection whatsoever between any of the allegations and any legally cognizable claim for relief. The contentions are wholly insufficient as a matter of law to state any claim against any of the Defendants. Finally, to the extent the Complaint can be considered to contain any cognizable legal theories at all, these fail as a matter of law.

**B. <u>Plaintiff Cannot Bring Any Claim to Quiet Title to the Subject Property Against Defendants</u>**

Although it is entirely unclear from the body of the Complaint the claims upon which Plaintiff is suing, it is possible from looking at the Caption of the Complaint that Plaintiff is attempting to bring a Quiet Title action with respect to the Subject Property. A quiet title action requires a plaintiff to assert either an actual interest or an equitable interest in real property, and the basis for such interest. *California Code of Civil Procedure* Section 761.020(b). However, in the instant case, Plaintiff can do neither.

Plaintiff cannot assert any actual or equitable interest in the Subject Property because he himself grant deeded his interest away to others (ostensibly to avoid foreclosure on the Subject Property), who now hold legal title. [RJN Exh. 4].[4] Contrary to his claims in the Complaint, Plaintiff no longer has a legal interest in the Subject Property. [RJN Exh. 4]. Even assuming Plaintiff is attempting to claim some type of equitable interest in the Subject Property, it is well settled that an action to quiet title cannot be maintained by the owner of an equitable interest as against the holder of a legal title. *O'Keefe v. Aptos Land & Water Co.* (1955) 134 Cal.App.2d 772, 781. Moreover, here, Plaintiff has not even named in the Complaint any of the persons to whom he grant deeded his interest and who now hold legal title. Accordingly, the only thing Plaintiff is trying to accomplish by way of his quiet title claims is to somehow justify his fraudulent transfer of the Subject Property, and avoid foreclosure. Any quiet title action by

---

[4] In so transferring the Subject Property, Plaintiff has violated the provisions of the Deed of Trust. [RJN Exh. 1, Deed of Trust, p. 11, para. 18].

Plaintiff fails and must be dismissed.

**C. Any Claim By Plaintiff for Violations of TILA is Barred by the Statute of Limitations**

Plaintiff's Complaint contains vague assertions that Defendants somehow violated TILA, and that he is entitled to rescission of his loan. However, any such claims are quickly disposed of because they are barred by TILA's statute of limitations. Pursuant to 15 U.S.C. Section 1635(f), the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this chapter . . . have not been delivered to the obligor . . ." 15 U.S.C. Section 1635(f); *See also, King v. California*, 784 F.2d 910, 913 (9th Cir. 1986) (dismissing TILA rescission claim that was outside the absolute three year statute of limitations under 15 U.S.C. Section 1635(f)).

Here, Plaintiff alleges that he entered into the loan agreement (i.e. consummated the transaction) in June of 2004 (Complaint, p. 4). The Deed of Trust is dated August 21, 2004. [RJN Exh. 1]. However, Plaintiff did not file the Complaint requesting rescission under TILA until over three years later in January of 2008. In the Complaint, Plaintiff admits that he is giving notice of rescission for the first time through the Complaint when he alleges that "James Bray, in his own stead, herein gives notice of rescission of the Deed of Trust . . ." (Complaint, p. 5). Further, Plaintiff does not allege that he requested rescission at any time prior to filing the Complaint and within the statutory period to do so. Accordingly, any TILA claim by Plaintiff is time-barred.

**D. Plaintiff's Fraud Claims Fail**

The essential allegations to establish fraud are: (1) a false representation as to a material fact or concealment thereof; (2) knowledge of the falsity; (3) intent to defraud; (4) justifiable reliance by plaintiff; and (5) resulting damage. *Girard v. Ball,* 125 Cal.App.3d 722, 783. (holding that, if any element is missing, fraud cannot be found); *See also, Small v. Fritz Cos.*, 30 Cal.4th, 167, 173 (2003). It is well settled that every element of a cause of action for fraud must be alleged both factually and specifically, and the policy of liberal construction of pleadings may not

be invoked to sustain a pleading that is defective in this regard. *Hall v. County of Los Angeles Dept. of Adoptions* (1975) 47 Cal.App.3d 898, 904; *Roberts v. Ball* (1976) 57 Cal.App.3d 104, 109; *See also* 5 Witkin California Procedure, Pleading Section 669 (4th ed. 1997).

Here, Plaintiff has completely failed to allege any specific facts, let alone facts that clearly and directly establish the elements of fraud as to any of the Defendants. Indeed, when Plaintiff discusses fraud on page 6 of the Complaint, he cites to the California Penal Code. Further, to the extent that his various incomprehensible arguments are facts that are facially inconsistent with the terms of the Deed of Trust, they must be disregarded. [RJN Exh. 1]. *See Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987) (the court need not accept as true allegations that contradict facts which may be judicially noticed.). For these reasons, to the extent the Complaint contains a fraud claim, this claim must be dismissed.

**E. Plaintiff's Purported RICO and Conspiracy Claims Also Fail**

Plaintiff appears to be attempting to assert that Defendants violated the RICO statute by "acting in concert with each other" to commit Treason and Domestic Mixed War. (Complaint, p. 8). These claims and the allegations on pages 8 through 10 of the Complaint make no sense whatsoever, and fall well short of the requirements necessary to state a civil RICO and/or conspiracy claim.[5]

**F. Plaintiff's Claim for "Waiver of Contractual Right" Must Be Dismissed**

Although the Complaint contains a heading for "Waiver of Contractual Right," (Complaint p. 10), this claim is impossible to decipher and is not actionable.

Plaintiff's rambling allegations also request that Defendants "honor the terms and conditions of the settlement agreement between the parties to Stay of all predatory and dishonorable/non-judicial foreclosure proceeding, stay of harassment of the defendant and its silent partners." [Complaint, p. 16]. Plaintiff fails to identify any settlement agreement with the

---

[5] From the face of the Complaint, the only remotely identifiable federal claims Plaintiff raises are those for violations of TILA and his RICO claims. Since these cannot be maintained for the reasons set forth above, and since Plaintiff does not and cannot allege any basis for diversity jurisdiction, this Complaint may also be dismissed based upon lack of Federal court subject matter jurisdiction.

parties.

To the extent that Plaintiff is referring to the Permanent Injunction and Final Judgment in *California v. Ameriquest Mortgage Company etc. et al.* (Alameda County Superior Court, Case No. RG06260804) (the "Ameriquest Multistate Settlement") [RJN 6], Plaintiff has no claim thereunder. By signing a release form in the Ameriquest Multistate Settlement [RJN 7], Plaintiff specifically released Ameriquest Mortgage Company, Town & Country Credit Corporation, and AMC Mortgage Services, Inc. from "all civil claims, causes of action, any other right to obtain any type of monetary damages (including punitive damages), expenses, attorneys' and other fees, rescission, restitution or any other remedies of whatever kind at law or in equity, in contract, in tort (including but not limited to, personal injury and emotional distress), arising under any source whatsoever . . . ." [*See* RJN 6; Permanent Injunction and Final Judgment, p. 41, and identical language in Bray's signed Ameriquest Multistate Settlement Release Form; RJN 7].[6]

Finally, as is evidenced by the Default Order, the Bankruptcy Court has granted Defendant Town & Country Credit Corp. the right to proceed with foreclosure. [RJN Exh. 3].

## V. CONCLUSION

Based upon the foregoing, it is clear that Plaintiff has filed the instant Complaint as a delay tactic in order to attempt to avoid foreclosure on the Subject Property. The Complaint fails to comply with FRCP 8, and any remotely cognizable federal question claim is barred by the applicable statute of limitations and/or lacks merit. There are no identifiable or actionable claims whatsoever against Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Buchalter Nemer, and Town & Country Credit Corp. Accordingly, Defendants request that the Complaint be dismissed with prejudice.

---

[6] On a Rule 12(b)(6) motion, the Court may consider documents not attached to the complaint if there is no question as to their authenticity and Plaintiff's claims necessarily rely on those documents. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). This rule prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting. Defendants anticipate that Plaintiff cannot and will not disavow his own signature on the Ameriquest Multistate Settlement Release Form [RJN 7].

DATED: April 23, 2008

BUCHALTER NEMER
A Professional Corporation

By: [signature]
BERNARD E. LESAGE
RACHAEL H. BERMAN
Attorneys for Defendants
Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Town & Country Credit Corp. and Buchalter Nemer, A Professional Corporation

BN 1889858v1

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 1000 Wilshire Boulevard, Suite 1500, Los Angeles, California 90017-2457.

On the date set forth below, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION OF DEFENDANTS TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED [F.R.C.P. 12 (b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on all other parties and/or their attorney(s) of record to this action by _____ faxing and/or __x__ placing a true copy thereof in a sealed envelope as follows:

James Bray
8080 Eppick Court
San Diego, CA 92114

Fred Timothy Winters
MILES, BAUER, BERGSTROM & WINTERS, LLP
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626
714-481-8317 tel.
714-481-9152 fax
fwinters@mileslegal.com

☒ **BY MAIL** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter Nemer in Los Angeles, California on April 23, 2008. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☒ I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on April 23, 2008, at Los Angeles, California.

Violet Carrera

(Signature)