MILES, BAUER, BERGSTROM & WINTERS, LLP
Tami S. Crosby, SBN 129021
1665 Scenic Avenue, Suite 200
Costa Mesa, CA 92626
(714) 481-9100
(714) 481-9152 Facsimile

Attorneys for CR TITLE SERVICES INC.

FILED
08 APR 29 PM 3:42
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

NUNC PRO TUNC
APR 25 2008

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA - SAN DIEGO**

VIA FAX

| | |
|---|---|
| JAMES BRAY<br><br>Plaintiff,<br><br>v.<br><br>AMERIQUEST MORTGAGE CORP./AMC MORTGAGE SERVICES, INC., TOWN & COUNTRY CREDIT CORP., CR TITLE SERVICES INC., BUCHALTERNEMER - A PROFESSIONAL LAW CORPORATION; and DOES 1 through 20, inclusive<br><br>Defendants. | Case No.: 08 CV 0137 (BTM/JMA)<br><br>**DEFENDANT CR TITLE SERVICES INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (FRCP 12(B)(6))**<br><br>[Per Chambers, no oral argument unless requested by Court]<br><br>Date: June 20, 2008<br>Time: 11:00 a.m.<br>Judge: Honorable Barry Ted Markowitz<br>Ctrm.: 15 |

TO: PLAINTIFF JAMES BRAY, PRO SE:

PLEASE TAKE NOTICE that on June 20, 2008, at 11:00 a.m., in Courtroom 15, or as soon thereafter as the matter may be heard in the above-entitled Court, located at the U.S. District Court, Southern District of California, 940 Front Street, San Diego, CA 92101-8900; Defendant, CR TITLE SERVICES INC. ("CR TITLE") will and hereby does, respectfully move the Court for an order dismissing this action as to CR TITLE, in its entirety, with prejudice. This Motion is made pursuant to Federal Rules of Civil Procedure ("FRCP"), section 12 (b)(6 ), on the grounds that Plaintiff's

Complaint fails to state a claim upon which relief can be granted as to Defendant CR TITLE; and Plaintiff's Complaint fails to comply with FRCP, Rule 8.

This Motion will be based upon this Notice of Motion and Motion, upon the accompanying Memorandum of Points and Authorities, upon all papers and pleadings on file in this action, and upon such other and further matters as the court may permit to be presented at the time of the hearing.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated: April 25, 2008

By: ____________________
Tami S. Crosby
Attorneys for Defendant
CR TITLE SERVICES INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. **Introduction**.

The caption of the Complaint filed by JAMES BRAY, Plaintiff in this matter, states that Plaintiff is suing CR TITLE SERVICES INC. ("CR TITLE") as a defendant in this action. However, the only reference within the Complaint to CR TITLE can be found on page 3 of the Complaint, under the heading "Parties of Interest; Notice to one Notice to All", at lines 25 through 27, which state:

"**Substitution of Trustee and Beneficiary**: Previous Beneficiary(s) are replaced by original trustor James E. Bray, whereas the undersigned is the present Beneficiary under said Deed of Trust Instrument NO. 2004-0816197, and the undersigned **has fired** CR Title Services Inc as trustee as of above filing date and substitutes Dante Bray as sole trustee."

While Plaintiff's Complaint is labeled a "Complaint to Action of Quiet Title Lis Pendin [sic]", it consists of entirely unintelligible allegations of wrongdoing, none of which apply to Defendant CR TITLE, as there simply is no other mention within Plaintiff's Complaint of Defendant CR Title, other than the benign inaccurate and incomprehensible statement cited to herein, that Plaintiff has somehow fired CR TITLE as trustee. In fact, on its face, the Complaint fails to assert that it is actually suing CR TITLE or that CR TITLE has committed any wrongdoing.

Plaintiff's Complaint goes on to assert indefinable claims for relief, including claims for "Domestic Mixed War", "Treason", "Fraud", "Conspiracy" combined with a vague reference to unspecified violations of the "United Nations Convention." However, again, Plaintiff has failed to identify CR TITLE as an actual defendant in the Complaint, and has failed to allege any wrongdoing on the part of CR TITLE, under any of the purported claims set forth in the Complaint.

Thus, the Complaint fails to state a claim upon which relief can be granted, Plaintiff's legal theories are not cognizable and Plaintiff has failed to allege any wrongful conduct on the part of CR TITLE. Accordingly, this Complaint must be dismissed pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 8 and 12(b)(6).

2. **Argument**.

A motion to dismiss, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6)

tests the legal sufficiency of the claims asserted in a complaint. (See FRCP, Rule 12(b)(6).) Rule 12(b)(6 ) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief". (Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990).) Additionally, FRCP, Rule 8(3)(2) requires that each claim must be "simple, concise, and direct" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests". (*Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80.)

While it has been recognized by the courts that when a complaint is written by a *pro se* litigant, the rules of civil procedure are somewhat relaxed and the complaint will be held to a less stringent standard (*Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987)), if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory," the Complaint should be dismissed. (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 969, 699 (9th Cir.1988)) A complaint "does not need detailed factual allegations," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." (*Bell Atlantic v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).) Further, even a *pro se* litigant must provide the defendant with "fair notice of the claim and the grounds upon which it rests." (*Erickson v. Pardus*, --- U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly*, ---U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).)

Plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (*Id.*, 127 S.Ct. at 1964-65 (citations and quotations omitted.) Rather, the allegations in the Complaint "must be enough to raise a right to relief above the speculative level." (*Id.*, at 1965.) A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. (*Id.*, at 1966-67.)

Here, it is impossible to discern from Plaintiff's complaint the legal theories under which he seeks relief. The Complaint is unintelligible and incomprehensible. Plaintiff does not identify any recognizable causes of action, other than legal conclusions. Most notably, Plaintiff's Complaint fails to assert any factual allegations that demonstrate he is entitled to any relief whatsoever against CR

TITLE. As such, Plaintiff has failed to set forth "a short and plain statement of the claim showing that he is entitled to relief" as required by Rule 8. Moreover, Plaintiff's Complaint does not incorporate CR TITLE into any of the purported causes of action asserted in the Complaint nor does Plaintiff allege that CR TITLE has done anything wrong. Plaintiff has failed to "provide the grounds of his entitlement to relief" (*Bell Atlantic*, 127 S.Ct. 1955, 1964-65) nor has Plaintiff provided to CR TITLE "fair notice of the claim and the grounds upon which it rests". (*Erickson v. Pardus*, --- U.S. ----, ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citing *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ---- - ----, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).)

**3. Conclusion.**

Based upon the foregoing, CR TITLE respectfully submits that the within Motion to Dismiss should be granted in its entirety and Plaintiff's Complaint should be dismissed with prejudice.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated: April 25, 2008

By: [signature]
Tami S. Crosby
Attorneys for Defendant
CR TITLE SERVICES INC.

VIA FAX

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1665 Scenic Avenue, Suite 200, Costa Mesa, California 92626-9804.

On 4/25/08, I caused to be personally served a copy of the following document(s):

ꙮ **DEFENDANT CR TITLE SERVICES INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (FRCP 12(B)(6))**

BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with First Class postage, thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I have placed a true and correct copy thereof in a sealed envelope(s) with postage thereon fully prepaid addressed as follows:

| | |
|---|---|
| James Bray<br>8080 Eppick Court<br>San Diego, CA 92114 | Buchalter Nemer, a Professional Corporation<br>1000 Wilshire Boulevard, #1500<br>Los Angeles, CA 90017-2457 |
| (Plaintiff, pro se) | (Counsel for Defendants AMERIQUEST MORTGAGE CORP./AMC MORTGAGE SERVICES INC., TOWN & COUNTRY CREDIT CORP., and BUCHALTER NEMER, a Professional Corporation) |

STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

FEDERAL: I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on 4/25/08, at Costa Mesa, California.

Marion Pineda