# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRAY,<br><br>                     Plaintiff,<br>vs.<br><br>AMERIQUEST MORTGAGE CORP.,<br>TOWN & COUNTRY CREDIT CORP.,<br>CR TITLE SERVICES INC.,<br>BUCHALTERNEMER – A<br>PROFESSIONAL LAW CORPORATION;<br>JOHN DOES 1-20<br><br>                     Defendants. | CASE NO. 08cv0137 BTM(JMA)<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTIONS TO DISMISS** |

Defendants Ameriquest Mortgage Company (erroneously sued as Ameriquest Mortgage Corp.), AMC Mortgage Services, Inc., Town & Country Credit Corp., and Buchalter Nemer, A Professional Law Corporation (erroneously sued as Buchalternemer, A Professional Law Corp.), have filed a motion to dismiss Plaintiff's Complaint. Defendant CR Title Services Inc. has also filed a motion to dismiss Plaintiff's Complaint. For the reasons discussed below, Defendants' motions to dismiss are **GRANTED**.

## I. STANDARD

Under Fed. R. Civ. P. 8(a)(2), the plaintiff is required only to set forth a "short and plain statement" of the claim showing that plaintiff is entitled to relief and giving the defendant

fair notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). A complaint filed by a pro se plaintiff is held to less stringent standards than pleadings drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION

Defendants have moved to dismiss Plaintiff's Complaint for failure to state a claim. Plaintiff did not file an opposition to the motions. Defendants' motions to dismiss are granted.

Plaintiff's rambling 21-page Complaint is largely incomprehensible. It is not entirely clear what causes of action Plaintiff is asserting or which defendants are being sued in connection with the various claims. The title of the Complaint indicates that Plaintiff is suing to quiet title and for violations of the Truth In Lending Act ("TILA") and Regulation Z. The body of his Complaint also makes reference to fraud, conspiracy, "domestic mixed war," treason, RICO violations, "waiver of contractual rights," and constitutional violations.

What the Court can glean from the Complaint is that in June, 2004, Plaintiff entered into a loan agreement for the purchase of real property in San Diego with Town & Country Credit Corp. (Compl. at 4.) Somehow, Ameriquest Mortgage Company became a party to the financial transaction. (Id.) Plaintiff alleges that he was surprised when his monthly mortgage payment, which was supposed to be fixed, jumped from $2,600 a month to $3,400. (Id.) Plaintiff alleges that Defendants failed to give full disclosure of the terms and accuses

them of predatory lending practices. (Id.) Plaintiff seeks rescission and a reconveyance of the deed of trust under the TILA in addition to miscellaneous damages. Apparently, Plaintiff believes that defendant AMC Mortgage Services, Inc., holds the deed of trust or otherwise has the power to reconvey the deed of trust. It is unclear what role defendants Buchalter Nemer and CR Title Services played in the events that form the basis of the Complaint.

It appears that Plaintiff's claim of rescission under the TILA is the heart of the Complaint. However, Plaintiff's TILA cause of action fails because it is untimely. Under 15 U.S.C. 1635 (f), "[A]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor . . . . " Based on the allegations of the Complaint, the financial transaction at issue was consummated in June, 2004, more than three years before the Complaint was filed. Therefore, Plaintiff's TILA rescission cause of action is time-barred, and this cause of action is dismissed for failure to state a claim.

To the extent that Plaintiff is asserting a RICO claim, Plaintiff has failed to allege sufficient facts supporting such a claim. To state a claim under 18 U.S.C. § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985). Plaintiff has not identified the "enterprise" or "enterprises," nor has he alleged facts indicating a "pattern or racketeering activity," as defined by 18 U.S.C. § 1961(5). Therefore, this cause of action is dismissed as well.

As far as the Court can tell, the remaining claims are state claims. However, in the absence of any cognizable federal claim, the Court lacks subject matter jurisdiction over these state claims.[1] As discussed above, Plaintiff has failed to state a federal claim.

---

[1] On the civil case cover sheet, Plaintiff indicated that this Court has federal question jurisdiction under Regulation Z and the TILA. The section of the Complaint titled "Jurisdiction of the Court" references Regulation Z, the TILA as well as other miscellaneous federal statutes such as the Federal Tort Claims Act, 42 U.S.C. §§ 1983 and 1984, and the Bankruptcy Reform Act. Plaintiff does not claim that the parties are diverse and there is no

Therefore, the Court dismisses the remaining state claims for lack of jurisdiction.

### III. CONCLUSION

For the reasons discussed above, Defendants' motions to dismiss are **GRANTED**. Plaintiff's Complaint is dismissed pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(1). However, the Court grants Plaintiff leave to file an amended complaint correcting the deficiencies identified above. The amended complaint must be filed within **15 days of the entry of this order**. If no amended complaint is filed within the prescribed time, the Court shall enter judgment dismissing this case without prejudice.

**IT IS SO ORDERED.**

DATED: July 22, 2008

_____
Honorable Barry Ted Moskowitz
United States District Judge

---

indication that diversity jurisdiction exists.